UNITED STATES DISTRICT COURT                                        JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.    **ED CV 15-226-JFW (MANx)**                              Date:  February 25, 2015

Title:      Maria Leal, et al. -*v*- County of San Bernardino, et al.

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   Shannon Reilly                                 None Present
   Courtroom Deputy                               Court Reporter


**ATTORNEYS PRESENT FOR PLAINTIFFS:**      **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                              None

**PROCEEDINGS (IN CHAMBERS):**    **ORDER REMANDING ACTION TO SAN BERNARDINO SUPERIOR COURT ; and**

**ORDER DECLINING TO APPROVE STIPULATION RE: CONSOLIDATION OF RELATED CASES; VACATING CURRENT SCHEDULING ORDER AND RE-ISSUING NEW SCHEDULING ORDER [filed 2/17/15; Docket No. 26]**

   The Court has reviewed the Stipulation Re: Consolidation of Related Cases; Vacating Current Scheduling Order and Re-Issuing New Scheduling Order ("Stipulation"), filed on February 17, 2015.  Docket No. 26.  The Stipulation requests the Court to order the consolidation of the cases entitled *Maria Leal, et al., v. County of San Bernardino, et al.,* Case No. ED CV 14-1257-JFW (MANx) ("Case No. 14-1257") and *Maria Leal, et al., v. County of San Bernardino, et al.,* Case No. ED CV 15-226-JFW (MANx) ("Case No. 15-226").  The Court concludes that consolidation is not warranted.

   In their February 5, 2015 Notice of Removal in Case No. 15-226, Defendants County of San Bernardino, San Bernardino Sheriff's Department, John McMahon, and Jeff Rose (collectively, "Defendants") state that Plaintiff's Maria Leal and Nicholas Quintero's (collectively, "Plaintiffs") original Complaint for wrongful death was filed on January 9, 2015 in San Bernardino Superior Court, but the Complaint was never served on Defendants.[1]  Plaintiffs apparently filed the state court wrongful death action in response to this Court's January 6, 2015 Order Denying Plaintiffs' Motion for Leave to Amend to File First Amended Complaint for Damages for Violation of Civil

---

   [1] The First Amended Complaint was filed in San Bernardino Superior Court on January 21, 2015.

Rights in Case No. 14-1257. Docket No. 20. Although Defendants opposed Plaintiffs' Motion for Leave to Amend to File First Amended Complaint for Damages for Violation of Civil Rights on timeliness grounds, the proposed amendments were also futile because they improperly asserted state law wrongful death claims as the basis for Plaintiffs' Section 1983 claims. *Martinez v. County of Madera*, 2005 WL 2562715 (E.D. Cal. Oct. 8, 2005). The First Amended Complaint in Case No. 15-226 is problematic for the same reason because it alleges only state law wrongful death claims against Defendants. Accordingly, the Court concludes that this action should be remanded. Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Defendants bear the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). In this case, Plaintiff's First Amended Complaint alleges only state law claims, specifically claims for wrongful death. The fact that Plaintiff has included allegations that Defendants have violated the decedent's civil rights does not convert their state law wrongful death claims into federal claims. *See, e.g., Basler v. City of Susanville*, 2007 WL 2710845 (E.D. Cal. Sept. 14, 2007) (holding that "wrongful death is purely a question of state law"); *see also Perez v. Fremont Police Department*, 2011 WL 5872821 (N.D. Cal. Nov. 22, 2011) ("The fact that Plaintiffs included in their complaint an allegation that Defendants violated the decedent's civil rights under color of authority, . . . does not thereby covert their state law claims into federal ones"). Therefore, this action is **REMANDED** to San Bernardino Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).[2]

    IT IS SO ORDERED.

---

[2] In light of the remand of this action, the Court declines to approve the Stipulation.